UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,           :

                                               :

              -v-                     :             15-CR-106 (JPO)

                                               :

GREGORY JACKSON,                 :        OPINION AND ORDER
                                 Defendant.  :

---------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       The United States has moved for reconsideration of this Court's order granting Defendant

Gregory Jackson's motion to suppress firearms and statements as fruits of an unlawful stop and

frisk.  The Court held an evidentiary hearing on June 26, 2015, and made several factual

findings, which are set forth in an Opinion and Order dated July 29, 2015, granting Jackson's

motion to suppress.  (Dkt. No. 19.)  Familiarity with that Opinion and Order is assumed.

       "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the

interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol.*

*Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted); *see, e.g.*,

*United States v. Almonte*, 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (observing that

"courts in this district have applied Local Rule 6.3," describing the standards for a motion for

reconsideration, "in criminal cases").  To prevail, the movant must demonstrate (i) an intervening

change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear

error or prevent manifest injustice.  *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81

(S.D.N.Y. 2013) (Oetken, J.) (citation omitted).  Ordinarily, the final showing—manifest

injustice—requires that the movant demonstrate that the Court overlooked a key fact in the

record or a controlling point of law.  *See Cioce v. County of Westchester*, 128 Fed. App'x 181,

185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving

party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Having reviewed the record and the parties' memorandums of law, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. The Government's brief relies largely on Officer Contreras's observation of a bulge when Jackson lifted his jacket. (*e.g.* Dkt. No. 24 at 4-6.) Contrary to the Government's brief, however, the Second Circuit has not adopted a per se rule that observation of any bulge constitutes reasonable suspicion. This is not a case in which a bulge was evident while a suspect was merely standing, sitting, or exiting a car. *Pennsylvania v. Mims*, 434 U.S. 106, 107 (1997) (per curiam) (exiting a car); *United States v. Torres*, 740 F.2d 122, 125 (2d Cir. 1984) (standing); *United States v. Oates*, 560 F.2d 45, 49-51 (2d Cir. 1977) (sitting); *see United States v. Hunter*, 291 F.3d 1302, 1305 (11th Cir. 2002) (walking); *United States v. Roggeman*, 279 F.3d 573, 576 (8th Cir. 2002) (exiting a car); *United States v. Baker*, 78 F.3d 135, 136 (4th Cir. 1996) (describing a "triangular-shaped bulge" on a suspect seated in a car).

In this case, Contreras noticed the bulge in Jackson's jacket only when Jackson lifted his shirt. The Court found that such bulging of Jackson's jacket was not "unusual or suspicious in any way" in light of the way Contreras demonstrated Jackson's lifting of his shirt, and the Court found that the bulge itself was "neither unusually large nor suspiciously shaped." (Dkt. No. 19 at 10-11). The bulge was so minimal that only one of the three officers present noticed it. And that officer described the bulge only in response to a leading question after he had twice explained his reasons for frisking Jackson without mentioning the bulge, and he later omitted it when listing the reasons for the frisk at the end of his examination. (Dkt. No. 17 at 19-22, 79-80; *see* Dkt. No. 19 at 10-11.)

As the Court discussed in its Opinion and Order, the other background facts in this case do not change the analysis.

Accordingly, the Government's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at docket number 24.

SO ORDERED.

Dated:  October 9, 2015
        New York, New York

J. PAUL OETKEN
United States District Judge